IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE HINES, # K-77115,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-1199-GPM |
| ) | |
| **WARDEN HODGE and** ) | |
| **S. A. GODINEZ,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a 12-year sentence for burglary. As Defendants, Plaintiff names the Lawrence Warden (Hodge) and the Director of the Illinois Department of Corrections ("IDOC") (Godinez). The brief complaint lists numerous medical problems from which Plaintiff has suffered during his current incarceration,[1] and which he implies began during an earlier sentence he served in IDOC custody from October 2001 to May 2007.

In 2005, an unnamed doctor at Menard Correctional Center told Plaintiff his thyroid level was high, but did not prescribe any treatment or offer any health care advice (Doc. 1, p. 5). In August 2007, Plaintiff had a goiter surgically removed. Some months later, Plaintiff began having numerous symptoms including falling asleep during activities, rashes, diarrhea, joint

---

[1] According to information on the IDOC website, Plaintiff began serving his current sentence in the IDOC on June 15, 2009. Website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited December 12, 2012).

pains, shortness of breath, weight gain, vision and hearing problems, migraines, numbness in limbs, and depression. On June 5, 2009, he underwent surgery to remove a cancer from the left side of his chest. Soon after, on July 15, 2009, he had another surgery to remove breast cancers from both sides of his chest. On December 14, 2010, a lung x-ray showed a golf-ball size cancer. He claims that as of October 24, 2012, this cancer had become three to four times larger. Plaintiff had a CAT scan on November 1, 2012, and attaches the report (Doc. 1, p. 8). This report notes he complained of abdominal pain, and states: "Normal appearing CT scan of the abdomen and pelvis. No masses are identified." *Id.* On November 4, 2012, he had a procedure at "Lawrence County Emergency" to flush his system with iodine. He then states, "I gain ninety pounds after first x-ray[.] I never had follow up by doctor" (Doc. 1, p. 5). It is not clear whether Plaintiff is referring to the December 14, 2010 x-ray or to some other date.

While Plaintiff was in IDOC custody from 2001 to May 2007, he had the symptoms in his throat and chest that later led to his surgeries. The gist of his claim appears to be that he blames the soy in the prison diet for causing his ailments – he states "I didn't fine [sic] out about soy until last year" (Doc. 1, p. 5). He also attaches an October 30, 2012, letter denying his April 2012 grievance over soy in the prison diet (Doc. 1, p. 7). That letter includes the information that Plaintiff was "test[ed] for soybean on 1/25/11 [and] had a normal result." *Id.* Plaintiff is seeking money damages, but does not request any injunctive relief or further medical treatment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint utterly fails to state a constitutional claim upon which relief may be granted, and shall be dismissed with prejudice.

**<u>Deliberate Indifference to a Serious Medical Condition</u>**

In the complaint, Plaintiff fails to identify any instance where either of the Defendants, or any prison medical provider, was deliberately indifferent to his serious medical needs.  Without a doubt, Plaintiff's goiter and cancers are objectively serious medical conditions.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  However, a deliberate indifference claim also has a subjective component – that a prison official knew of the inmate's serious medical need, yet either acted or failed to act in disregard of the risk of harm to him.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000).  A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

By Plaintiff's own description, he received surgery on three occasions, first for the goiter, and twice for cancer.  He had a very recent CAT scan which, despite Plaintiff's claim that he had a large cancerous growth, showed "no masses" were identified (Doc. 1, p. 8).  He then had a procedure in the emergency room.  These facts do not support a conclusion that Plaintiff's medical symptoms were ignored, that treatment was denied, or that any official was deliberately indifferent to his needs.

Plaintiff alleges that at some point, a doctor failed to "follow up" after he gained a substantial amount of weight, but does not give enough information to determine whether a constitutional violation may have occurred.  Nor does he identify any of the treating physicians.

Even if a medical provider had been deliberately indifferent to Plaintiff's need for

treatment, the named Defendants cannot be held liable simply because of their supervisory positions. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Nowhere in the complaint is there any indication that either Defendant Hodge or Defendant Godinez was personally involved in any aspect of Plaintiff's medical treatment. Furthermore, where a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). For these reasons, Defendants Hodge and Godinez shall be dismissed from the action with prejudice.

### Soy Diet

Plaintiff's apparent theory that his medical problems were caused by consuming soy in the prison food amounts to no more than rank speculation. Moreover, an inmate's claim that he has been subjected to unconstitutional conditions of confinement (such as being forced to eat a dangerous or deficient diet), must satisfy both the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). For the objective element, the condition must result in unquestioned and serious deprivations of basic human needs (such as food, medical care, sanitation, or physical safety) or deprive inmates of the minimal civilized measure

of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).  The subjective component of a deliberate indifference claim is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's complaint is devoid of allegations that would satisfy either element of an Eighth Amendment claim based on the soy content in the prison food.  In fact, the response to his grievance shows that some prison official authorized a "test for soybean," presumably to assess whether Plaintiff had an allergy or intolerance to soy, which showed a normal result (Doc. 1, p. 7).  This does not suggest deliberate indifference to Plaintiff's concerns over his consumption of soy products, on the part of either the medical providers or Defendants Hodge and Godinez.

**Pending Motion**

Given Plaintiff's failure to state a claim, his motion for appointment of counsel (Doc. 3) shall be **DENIED as moot**.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

IT IS SO ORDERED.

DATED:  January 24, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge